

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

SECURITIES AND EXCHANGE
COMMISSION,

                         Plaintiff,

           v.

JONATHAN W. MIKULA,
JOHN B. CRADDOCK,
JW&P CONSULTING, LLC, and
NATIONS WARRANTY GROUP, INC.,

                    Defendants.

Civil Action No.

1:08-cv-3097-BBM

## ORDER TO SHOW CAUSE, TEMPORARY RESTRAINING ORDER, ORDER APPOINTING RECEIVER, ORDER FREEZING ASSETS, ORDER PROHIBITING DESTRUCTION OF DOCUMENTS AND ORDER EXPEDITING DISCOVERY

Upon the Motion of the Securities and Exchange Commission

("Commission"), upon the Certification of the Commission submitted pursuant to

Rule 65(b) and (d) of the Federal Rules of Civil Procedure, and upon the

Complaint in this action and supporting documents relied on and submitted

therewith, and it appearing from the allegations set forth in the papers submitted

by the Commission that the defendants Jonathan W. Mikula ("Mikula"), John B.

Craddock ("Craddock"), JW&P Consulting, LLC ("JW&P Consulting") and

Nations Warranty Group, Inc. ("Nations Warranty") (collectively "Defendants")

pending final determination of this action may, unless restrained, continue to

engage in acts and practices which constitute violations of Sections 5(a), 5(c), and

17(a)(1)-(a)(3) of the Securities Act [15 U.S.C. §§ 77e(a), 77e(c), and ]77q(a)(1)-

(a)(3)], Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 [17

C.F.R. 240.10b-5] thereunder, and with respect to Mikula and JW&P Consulting,

Section 15(a) of the Exchange Act [15 U.S.C. § 78o(a)] and that the defendants may

dissipate funds fraudulently obtained, and it appearing that adequate grounds exist

for the issuance of this Order,

## I.

**IT IS HEREBY ORDERED** that defendants show cause, if any there be,

before Judge *Martin* of this Court, at *10:AM*o'clock in the _*AM*_ on the *9th* day

of *October*, 2008 in Courtroom *2308* of the Richard B. Russell Federal Building and

Courthouse, 75 Spring Street, Atlanta, GA 30303, or as soon thereafter as the

2

matter can be heard, why a Preliminary Injunction pursuant to Rule 65 of the Federal Rules of Civil Procedure should not be granted, as requested by the Commission.

## II.

**IT IS FURTHER ORDERED** that the Commission may take expedited discovery as follows:

A.     The Commission may take depositions upon oral examination subject to three days notice prior to expiration of 30 days after service of the Summons and Complaint upon Defendants, pursuant to Rule 30(a) of the Federal Rules of Civil Procedure;

B.     Pursuant to Rule 33(a) of the Federal Rules of Civil Procedure, the Defendants shall answer all of the Commission's interrogatories within three days of service of such interrogatories;

C.     Pursuant to Rule 34 of the Federal Rules of Civil Procedure, upon request of the Commission, the Defendants shall produce all documents within three days of service of such request;

3

D.     Pursuant to Rule 36(a) of the Federal Rules of Civil Procedure, the

Defendants shall answer all of the Commission's requests for admissions within

three days of service of such request;

E.     The Commission may serve discovery by facsimile or by any other

means provided for within the Federal Rules of Civil Procedure;

F.     All written responses to the Commission's requests for discovery under

the Federal Rules of Civil Procedure shall be delivered to the Commission at 3475

Lenox Road N.E., Suite 1000, Atlanta, Georgia 30326-1232, or such other place as

counsel for the Commission may direct, by the most expeditious means available,

including facsimile.

### III.

**IT IS FURTHER ORDERED** that, pending determination of the Motion for

Preliminary Injunction, the assets of defendants Mikula, Craddock, JW&P

Consulting, and Nations Warranty, be, and hereby are, frozen. The freeze shall

include but not be limited to those funds located in any bank accounts of the

defendants.  In addition, proceeds derived from the securities offerings alleged in

the Commission's complaint remaining in the custody and control of defendants

Mikula, Craddock, JW&P Consulting, and Nations Warranty are hereby frozen regardless of where said proceeds are located.  Furthermore, to the extent that Mikula owns and/or controls any sole proprietorship and or other companies regardless of whether there exists any formal business formation, the asset freeze shall apply to assets of those companies. Likewise, to the extent that Craddock owns and/or controls any sole proprietorship and/or other companies regardless of whether there exists any formal business formation, the asset freeze shall apply to assets of those companies.  Pending determination of the Motion for Preliminary Injunction, defendants Mikula, Craddock, JW&P Consulting, and Nations Warranty, their officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, except any trustee, receiver or special fiscal agent appointed by this Court, be, and hereby are, restrained from, directly and indirectly, transferring, setting off, receiving, changing, selling, pledging, assigning, liquidating or otherwise disposing of or withdrawing any assets and property owned by, controlled by, or in the possession of said Defendants.  This Court further enjoins any disbursement by defendants Mikula, Craddock, JW&P Consulting, and Nations Warranty, their agents, representatives, employees and officers and all

5

persons acting in concert or participation with them, whatever business names they may operate under, of any proceeds derived from the sales of securities described in the Complaint.

## IV.

**IT IS FURTHER ORDERED** that each Defendant prepare and present to this Court and to the Commission a sworn accounting of all funds received by that Defendant pursuant to the scheme described in the Commission's Complaint and of the disposition and use of said proceeds. This accounting shall include, but not be limited to, the name and address of each investor (for entities contracting with investors), the amount invested, the total amount received from investors, the date each such investment was made and a listing of all expenditures showing the amount and to whom paid and the date of payment. The accountings shall be submitted to this Court and served upon the Commission within 20 days from the date of entry of this Order.

## V.

**IT IS FURTHER ORDERED** that, pending determination of the Motion for Preliminary Injunction, all Defendants and their agents, servants, employees,

attorneys and those persons in active concert or participation with them, in

connection with the purchase or sale or in the offer or sale of securities, by use of

any means or instrumentalities of interstate commerce or any means or instruments

of transportation or communication in interstate commerce, or by the mails or any

facility of any national securities exchange, be, and they hereby are, restrained from,

directly or indirectly:

      (1)    employing any device, scheme or artifice to defraud;

      (2)    engaging in any act, practice or course of business which operates or

would operate as a fraud or deceit upon any person;

      (3)    obtaining money or property by means of any untrue statement of a

material fact, or omitting to state a material fact necessary in order to make the

statements made, in the light of the circumstances under which they were made, not

misleading;

      (4)    making any untrue statement of a material fact or omitting to state a

material fact necessary in order to make the statements made, in light of the

circumstances under which they were made, not misleading, in violation of Section

17(a) of the Securities Act [15 U.S.C. § 77q(a)], Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)], and Rule 10b-5 [17 C.F.R. 240.10b-5], thereunder, or

(5) (i) making use of the means or instruments of transportation or communication in interstate commerce or of the mails to sell securities, through the use or medium of a prospectus or otherwise; (ii) carrying securities or causing such securities to be carried through the mails or in interstate commerce, by any means or instruments of trnasportation, for the purpose of sale or for delivery after sale; and (iii) making use of the means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy securities, through the use or medium of any prospectus or otherwise, without a registration statement having been filed with the Commission as to such securities; in violation of Sections 5(a) and 5(c) of the Securities Act [15 U.S.C. §§ 77(e)(a) and 77(e)(c)].

## VI.

**IT IS FURTHER ORDERED** that, pending determination of the Motion for Preliminary Injunction, defendants Mikula and JW&P Consulting and their agents, servants, employees, attorneys and those persons in active concert or participation with them, be, and they hereby are, restrained from, directly or indirectly, using the

8

mails and the means and instrumentalities of interstate commerce to effect

transactions in, or induce or attempt to induce the purchase or sale of securities,

without registering with the Commission as a broker, in violation of 15(a) of the

Exchange Act [15 U.S.C. § 78o(a)].

## VII.

**IT IS FURTHER ORDERED** that, pending determination of the Motion for

Preliminary Injunction, Defendants and their officers, agents, employees, servants,

attorneys, any bank or financial institution holding any assets of the defendants and

all persons in active concert or participation with them, and each of them, are

restrained and enjoined from destroying, transferring or otherwise rendering

illegible all books, records, papers, ledgers, accounts, statements and other

documents employed in any of such defendants' business, which reflect the business

activities of any of the Defendants, or which reflect the transactions described in the

Commission's Complaint.

## VIII.

**IT IS FURTHER ORDERED** that, pending further order of the Court,

_Pat   Huddleston II_ be and hereby is appointed as Receiver, without bond, for the

estates of Defendants Nations Warranty and JW&P Consulting, unless and until the

Court orders otherwise. The estate for which _/Ne. Haddleston_ is hereby appointed

Receiver are hereinafter referred to as the "Receiver Estate."  The Receiver Estate

includes, but is not limited to, all assets acquired for the benefit of Nations Warranty

and/or JW&P Consulting and any entities or assets owned by them.

**IX.**

**IT IS FURTHER ORDERED** that the Receiver shall have and possess all

powers and rights to efficiently administer and manage the Receiver Estate,

including but not limited to the power:

A.      to take custody, control and possession of all the funds, property,

premises, leases, and other assets of or in the possession or under the direct or

indirect control of the Receiver Estate, to manage, control, operate and maintain the

Receiver Estate, to use income, earnings, rents and profits of the Receiver Estate,

with full power to sue for and collect, recover, receive and take into possession all

goods, chattels, rights, credits, monies, effects, lands, books and records of accounts

and other papers;

10

B.     to sell, rent, lease or otherwise hypothecate or dispose of the assets of

the Receiver Estate;

C.     to pursue, resist and defend all suits, actions, claims and demands

which may now be pending or which may be brought by or asserted against the

Receiver Estate;

D.     to make such payments and disbursements from the funds so taken into

his custody, control and possession or thereafter received, and to incur such

expenses as may be necessary or advisable in the ordinary course of business in

discharging the Receiver's duties;

E.     to open bank accounts in the name of the Receiver on behalf of the

Receiver Estate;

F.     to engage and employ others (without Court approval), including but

not limited to consultants, attorneys, accountants, experts and employees of a firm

owned by the Receiver, to assist in the Receiver's duties, except that any payment to

others for their services shall be subject to Court approval;

G.     to take any action which could be taken by the officers, directors,

partners and trustees of the Receiver Estate;

11

H.    to suspend, terminate or grant a leave of absence to any employees of

the Receiver Estate; and

I.    to take such other action as may be approved by this Court.

## X.

**IT IS FURTHER ORDERED** that no person holding or claiming any

position of any sort with the Receiver Estate shall possess any authority to act by or

on behalf of any of the Receiver Estate, except as authorized by the Receiver.  With

respect to the asset freeze set forth herein, the Receiver shall be authorized, but not

required, to administer, manage, and direct the marshaling, disbursement and/or

transfer of monies or other assets held by third parties that are subject to the freeze.

The Receiver may, in the reasonable exercise of his discretion, authorize the release,

use or segregation of proceeds held by third parties if the Receiver believes such

action is necessary to preserve the Receiver Estate.

## XI.

**IT IS FURTHER ORDERED** that no shareholders, officers, directors, partners or trustees of the corporations or other entities that make up the Receiver Estate shall exercise any of their rights or powers with respect to the Receiver Estate until further order of the Court.

## XII.

**IT IS FURTHER ORDERED** that all persons receiving notice of this order by personal service or otherwise, are hereby restrained and enjoined from disposing, transferring, exchanging, assigning or in any way conveying any property or assets of the Receiver Estate and from the transaction of any business of the Receiver Estate except with the approval of the Receiver.

## XIII.

**IT IS FURTHER ORDERED** that, all persons acting for or on behalf of the Receiver Estate, and all persons receiving notice of this order by personal service or otherwise, having possession of the property, business, books, records, accounts or assets of the Receiver Estate are hereby directed to deliver the same to the Receiver.

## XIV.

**IT IS FURTHER ORDERED** that the Defendants, their agents, servants, employees, nominees, attorneys and entities under their direct or indirect control shall cooperate with and assist the Receiver and shall take no action, directly or indirectly, to hinder, obstruct, or otherwise interfere with the Receiver, in the performance of the Receiver's duties. This section shall not be construed to waive any privileges of any person, Constitutional or otherwise.

## XV.

**IT IS FURTHER ORDERED** that any brokerage institution, financial institution, bank, savings and loan, mutual fund, or any other person, partnership, or corporation maintaining or having custody or control of any brokerage or deposit account or other assets of any of the Receiver Estate or under their control, and that receives actual notice of this order by personal service, facsimile transmission or otherwise shall, within five (5) business days of receipt of that notice, file with the Court and serve on the Receiver and counsel for the Commission a certified statement setting forth, with respect to each such account or other asset, the balance

14

in the account or description of the assets as of the close of business on the date of receipt of the notice.

## XVI.

**IT IS FURTHER ORDERED** that the Receiver shall perform an accounting of the Defendants' securities offerings as outlined in the Commission's Complaint, including but not limited to the Defendants' solicitation, receipt, disposition and use of the proceeds from such offerings.

## XVII.

**IT IS FURTHER ORDERED** that the Receiver shall have the power to compel, including by subpoena, the appearance and testimony of all persons and the production of the originals of any records, of any sort whatsoever, within the possession, custody or control of any person. The Receiver's authority under this paragraph shall not be construed to require the waiver by any person of any validly asserted privilege.

## XVIII.

**IT IS FURTHER ORDERED** that, on fifteen (15) days written notice from the Receiver, the Defendants shall make themselves available for deposition and

shall produce to the Receiver the originals of any records in their custody, possession or control relating to the financial affairs, from July 1, 2006 through the present of Defendants Nations Warranty and JW&P Consulting.

### XVIV.

**IT IS FURTHER ORDERED** that the Receiver may investigate in connection with discovering additional information as it relates to activities of the Receiver Estate.  The Receiver shall have the authority to investigate regarding such related parties and employees prior to filing any litigation, and shall have the express authority to order consumer reports in the course of any such investigation.

### XX.

**IT IS FURTHER ORDERED** that the Receiver and any person engaged or employed by the Receiver are entitled to reasonable compensation from the assets of the Receiver Estate, subject to the prior approval of the Court.

### XXI.

**IT IS FURTHER ORDERED** that the Receiver shall be empowered, but is not required, to file voluntary petitions for relief under Title 11 of the United States Code (the Bankruptcy Code) for the Receiver Estate.  If a bankruptcy petition is

filed, the Receiver shall become, and shall be empowered to operate the Receiver Estate, and to prosecute such adversary proceedings and other matters as may be permitted under the Bankruptcy Code and/or applicable law.

## XXII.

**IT IS FURTHER ORDERED** that the Receiver, should he elect to file petitions under Title 11 of the United States Code for any of the Receiver Estate, shall have 15 days from the date of such filing to file with the Bankruptcy Court any lists or schedules required to be filed with such petitions, this Court recognizing that the Receiver will require time to assemble such data for filing.

## XXIII.

**IT IS FURTHER ORDERED** that except by leave of this Court all creditors and other persons seeking money damages or other relief from the Receiver Estate and all others acting on behalf of any such creditors and other persons, including sheriffs, marshals, and all officers and deputies, and their respective attorneys, servants, agents and employees, are, until further order of this Court, hereby stayed and restrained from doing anything to interfere with the possession, recovery or management by the Receiver of the property and assets owned, controlled,

17

belonging to, or in the possession of the Receiver Estate, or to interfere with the

Receiver in any manner during the pendency of this proceeding.

## XXIV.

**IT IS FURTHER ORDERED** that the Receiver is authorized to communic-

ate with all such persons as the Receiver deems appropriate to inform them of the

status of this matter and the financial condition of the Receiver Estate.

## XXV.

**IT IS FURTHER ORDERED** that the Receiver is authorized to record this

Order with government offices and to serve this Order on any person as the Receiver

deems appropriate.

## XXVI.

**IT IS FURTHER ORDERED** that the Receiver shall promptly notify the

Court and counsel for the Commission of any failure or apparent failure of the

Defendants to comply in any way with the terms of this Order.

## XXVII.

**IT IS FURTHER ORDERED** that, except for an act of gross negligence or

intentional misconduct, the Receiver and all persons engaged or employed by him

shall not be liable for any loss or damage incurred by the Defendants, or any other person, by reason of any act performed or omitted to be performed by them in connection with the discharge of their duties and responsibilities in this matter.

### XXVIII.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that this Court shall retain jurisdiction of this matter for all purposes.

Service of this Order shall be effected upon Defendants or their controlling persons, attorneys or registered agents personally, by facsimile, by overnight courier, or by mail on or before the ___ day of __October__, 2008 at or before ___ 4 PM p.m.

Dated: 2nd of Oct., 2008. @ 5:13 PM

UNITED STATES DISTRICT JUDGE

19