FILED IN CLERK'S OFFICE
U.S.D.C Atlanta

OCT 0 1 2008

JAMES N. HATTEN, Clerk
By
Deputy Clerk

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | : | |
| | : | |
| Plaintiff, | : | Civil Action No. |
| v. | : | 1:08-cv-3097-BBM |
| | : | |
| JONATHAN W. MIKULA,<br>JOHN B. CRADDOCK,<br>JW&P CONSULTING, LLC, and<br>NATIONS WARRANTY GROUP, INC., | : | |
| | : | |
| Defendants. | : | |
| | : | |

## ORDER OF PRELIMINARY INJUNCTION AGAINST DEFENDANTS , INCLUDING ASSET FREEZE, APPOINTMENT OF A RECEIVER FOR THE DEFENDANT ENTITIES, AND OTHER RELIEF

Plaintiff Securities and Exchange Commission ("Commission"), having

filed its Complaint herein, and defendants John B. Craddock ("Craddock") and

Nations Warranty Group, Inc. ("Nations Warranty Group") (collectively, the

"Defendants") having entered general appearances, having admitted the in

personam jurisdiction of this Court over them and the jurisdiction of this Court

over the subject matter of the action,[1] having waived entry of findings of fact and conclusions of law under Rules 52 and 65 of the Federal Rules of Civil Procedure, without admitting or denying the allegations of the Commission's Complaint, except as to jurisdiction and venue which they admit, and having consented to the entry of this Order of Preliminary Injunction and Other Relief and the Court being fully advised in the premises;

## I.

## FRAUD IN VIOLATION OF SECTION 17(a)(1)
## OF THE SECURITIES ACT

**IT IS HEREBY ORDERED,** until further order of this Court, that defendants Craddock and Nations Warranty Group, their officers, agents, servants, employees, attorneys, and those persons in active concert or participation with each of them, in the offer or sale of any securities by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, be and they hereby are, restrained and enjoined from, directly or indirectly employing any devices, schemes or

---

[1]Craddock does not waive, and expressly reserves, the defense that the investments in questions are not "securities" under the federal securities laws.

artifices to defraud purchasers of such securities in violation of Section 17(a)(1) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. § 77q(a)(1).

## II.

### FRAUD IN VIOLATION OF SECTIONS 17(a)(2) AND 17(a)(3) OF THE SECURITIES ACT

**IT IS FURTHER ORDERED**, until further order of this Court, that defendants Craddock and Nations Warranty Group, their officers, agents, servants, employees, attorneys, and those persons in active concert or participation with each of them, in connection with the offer or sale of any securities, by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, be and they hereby are, restrained and enjoined from, directly or indirectly

(1)   obtaining money or property by means of untrue statements of material fact or any omission to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(2)   engaging in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchasers

in violation of Sections 17(a)(2) and 17(a)(3) of the Securities Act, 15 U.S.C. §§ 77q(a)(2) and 77q(a)(3).

### III.

### FRAUD IN VIOLATION OF SECTION 10(b) OF THE EXCHANGE ACT AND RULE 10b-5 THEREUNDER

**IT IS FURTHER ORDERED**, until further order of this Court, that defendants Craddock and Nations Warranty Group, their officers, agents, servants, employees, attorneys, and those persons in active concert or participation with each of them, in connection with the purchase or sale of any security by use of any means or instrumentality of interstate commerce or of the mails, or by use of any facility of any national securities exchange, be and they hereby are, restrained and enjoined from, directly or indirectly, under Section 20(a) of the Securities Exchange Act of 1934 ("Exchange Act"):

1. employing any device, scheme, or artifice to defraud;

2. making any untrue statement of a material fact or omitting to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

3.    engaging in any act, practice or course of business which operates

or would operate as a fraud or deceit upon any person;

in violation of Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule

10b-5, 17 C.F.R. § 240.10b-5, thereunder.

## IV.

## UNREGISTERED OFFERING IN VIOLATION
## OF SECTIONS 5(a) and 5(c) OF THE SECURITIES ACT

**IT IS FURTHER ORDERED**, until further order of this Court, that

defendants Craddock and Nations Warranty Group, their officers, agents,

servants, employees, attorneys, and those persons in active concert or

participation with each of them, be and they hereby are, restrained and enjoined

from, directly or indirectly, (i) making use of the means or instruments of

transportation or communication in interstate commerce or of the mails to sell

securities, through the use or medium of a prospectus or otherwise; (ii) carrying

securities or causing such securities to be carried through the mails or in interstate

commerce, by any means or instruments of transportation, for the purpose of sale

or for delivery after sale; and (iii) making use of the means or instruments of

transportation or communication in interstate commerce or of the mails to offer to

sell or offer to buy securities, through the use or medium of any prospectus or

otherwise, without a registration statement having been filed with the Commission as to such securities; in violation of Sections 5(a) and 5(c) of the Securities Act [15 U.S.C. §§ 77(e)(a) and 77(e)(c)].

**V.**

## PROHIBITION AGAINST DESTRUCTION OF DOCUMENTS

**IT IS FURTHER ORDERED** that, pending final determination as to all of the parties to this action, defendants Craddock and Nations Warranty Group, their officers, agents, servants, employees, attorneys, and those persons in active concert or participation with each of them who receive actual notice of this order by personal service, facsimile transmission or otherwise, and each of them, are hereby enjoined from destroying, mutilating, concealing, altering, or disposing of any document referring or relating in any manner to any defendants herein including but not limited to (a) any investor investments in the defendant entities and (b) records evidencing the receipt and disbursal of investor funds by the defendants. As used in this order, "document" means the original and all non-identical copies (whether non-identical because of handwritten notation or other-wise) and all written or graphic matter, however produced, and any other tangible record, or electronic data compilation of any sort, including, without limitation, computer disks, computer hard-drives, computer diskettes, computer tapes,

-6-

correspondence, memoranda, notes, minutes, telephone records, reports, studies, telexes, diaries, calendar entries, contracts, and letters of agreement, and including any and all existing drafts of all documents.

## VI.

## ACCOUNTING

**IT IS FURTHER ORDERED** that defendants Craddock and Nations Warranty Group prepare and present to this Court and to the Commission an accounting of all funds received pursuant to the sale of short-term promissory notes and/or investment contracts issued by Nations Warranty Group as described in the Commission's Complaint, and of the disposition and use of those proceeds. This accounting shall include, but not be limited to, the name and address of each investor, the amount invested, the total amount received from investors, the date each such investment was made and a listing of all expenditures showing the amount and to whom paid and the date of payment. It shall also include, but is not limited to, all transfers of funds, including "loans" or otherwise, to the defendants by the defendants since the offerings began. This accounting shall be submitted to this Court and served upon the Commission within 30 days from the date of entry of this Order.

## VII.

## **FREEZE OF ASSETS**

**IT IS FURTHER ORDERED** that, pending determination of the

Permanent Injunction, the assets of defendants Craddock and Nations Warranty

Group be, and hereby are, frozen. The freeze shall include but not be limited to

those funds located in any bank accounts of the Defendants. In addition,

proceeds derived from the securities offerings alleged in the Commission's

complaint remaining in the custody and control of defendants Craddock and

Nations Warranty Group are hereby frozen regardless of where said proceeds are

located. Furthermore, to the extent that Craddock owns and/or controls any sole

proprietorship and or other companies regardless of whether there exists any

formal business formation, the asset freeze shall apply to assets of those

companies. Defendants Craddock and Nations Warranty Group, their officers,

agents, servants, employees, attorneys, and all persons in active concert or

participation with them, except any trustee, receiver or special fiscal agent

appointed by this Court, be, and hereby are, until further notice of the Court,

restrained from, directly and indirectly, transferring, setting off, receiving,

changing, selling, pledging, assigning, liquidating or otherwise disposing of or

-8-

withdrawing any assets and property owned by, controlled by, or in the possession of said Defendants.  This Court further enjoins, until further notice of the Court, any disbursement by defendants Craddock and Nations Warranty Group, their agents, representatives, employees and officers and all persons acting in concert or participation with them, whatever business names they may operate under, of any proceeds derived from the sales of alleged securities described in the Complaint.

Notwithstanding anything contained in this Section VII:

(a) Until further notice of the Court, Defendant Craddock shall have access to a maximum of $8,400 per month from approximately $30,000 cash on hand and from the following accounts, which shall be exempt from the freeze for the purpose of meeting ordinary and necessary living expenses:

Wachovia Account No. 1000338328262 (John & Janis Craddock)

Wachovia Account No. 1010137689846 (Janis Craddock)

ING Direct Sharebuilder Account No. IRA-1000-0001247785-01

ING Account No. 1000-0001989848-01;

(b) Defendant Craddock shall have access to $15,000 from approximately $30,000 cash on hand and from the four accounts referenced in Section VII(a), above, which shall be exempt from the asset freeze for the purpose of payment of

legal fees and expenses to John Da Grosa Smith, Esq.  In addition, Defendant

Craddock shall have access to $5,000 for each of November 2008, December

2008, January 2009 and February 2009 for the purpose of payment of legal fees

and expenses to John Da Grosa Smith, Esq. from approximately $30,000 cash on

hand and from the four accounts referenced in Section VII(a), above, which shall

be exempt from the asset freeze.  To the extent the permitted amounts are not

depleted within the given month, any remaining amount may be carried over for

use as legal fees and expenses to John Da Grosa Smith at a later time.  Payment of

any or all of these funds to John Da Grosa Smith, Esq. may be made to John Da

Grosa Smith, Esq.'s trust account at any time, provided that John Da Grosa Smith,

Esq. does not draw down the funds more rapidly than permitted by the schedule

set forth in this paragraph;

    (c)  Craddock shall have limited relief from the asset freeze until further

notice of the Court in that Craddock and Emergency Alert Network, Inc.

("Emergency Alert Network") may use the account of Emergency Alert Network

at Wachovia Bank, currently having a balance of approximately $11,000 for

deposits, withdrawals and transfers in the ordinary course of the business of

Emergency Alert Network (i.e., a national emergency notification service sold

through automobile dealerships to notify family and friends in case of an

emergency) but Craddock and Emergency Alert Network may not dissipate the assets in the account or divert them for any purpose outside the ordinary course of business of Emergency Alert Network. Should any doubt arise over whether an expenditure is in the ordinary course, Craddock should apply to the Court before making the expenditure;

(d)  Craddock shall have limited relief from the asset freeze until further notice of the Court in that Craddock and Bell Tower Productions may use the account of Bell Tower Productions at Wachovia Bank, currently having a balance of approximately $1,000 for deposits, withdrawals and transfers in the ordinary course of the business of Bell Tower Productions (i.e., the marketing and distribution of compact disks of the sermons and lectures of Dr. Fred Craddock) but Craddock and Bell Tower Productions may not dissipate the assets in the account or divert them for any purpose outside the ordinary course of business of Bell Tower Productions. Should any doubt arise over whether an expenditure is in the ordinary course, Craddock should apply to the Court before making the expenditure;

(e)  Craddock shall have limited relief from the asset freeze until further notice of the Court in that Craddock and Peach State Credit Solutions, Inc. ("Peach State Credit Solutions") may use the account of Peach State Credit

Solutions at Wachovia Bank, currently having a balance of approximately $4,500,

for deposits, withdrawals and transfers in the ordinary course of the business of

Peach State Credit Solutions (i.e., credit repair and credit consulting) but Craddock

and Peach State Credit Solutions may not dissipate the assets in the account or

divert them for any purpose outside the ordinary course of business of Peach State

Credit Solutions.  Should any doubt arise over whether an expenditure is in the

ordinary course, Craddock should apply to the Court before making the

expenditure;

     (f) The Court acknowledges that Defendant Craddock may seek the

agreement of the Commission as to further relief from the asset freeze, and that,

upon reaching any such agreement, the parties will present a proposed amendment

to this Order to the Court.  Upon failure to reach such agreement, Defendant

Craddock shall be free to make a motion to the Court for further relief from the

asset freeze, and the Commission shall be free to respond to any such motion as it

sees fit;

     (g)  Defendant Craddock shall be permitted to open a new bank account at

the financial institution of his choice in order to deposit future earnings that are not

subject to the asset freeze, and, unless and until further notice by the Court, the

asset freeze shall not apply to any such newly opened bank account.

## VIII.

## APPOINTMENT OF A RECEIVER
## FOR NATIONS WARRANTY GROUP

**IT IS FURTHER ORDERED** that Pat Huddleston, Esquire, until further order of this Court, shall continue as Receiver of Nations Warranty Group with the same scope and authority as set forth in the Court's Order of October 2, 2008 in this matter.

## IX.

## OTHER MATTERS

IT IS FURTHER ORDERED that this Order does not preclude the Commission from seeking a permanent injunction, disgorgement and prejudgment interest and the imposition of civil penalties, or any other relief, in this action.

## X.

## JURISDICTION

**IT IS FURTHER ORDERED** that this Court will retain jurisdiction over this matter and over the Defendants, in order to implement and carry out the terms of all Orders and Decrees that may be entered.

**DONE AND ORDERED** this __9th__ day of October, 2008.

**BEVERLY B. MARTIN, JUDGE**
**UNITED STATES DISTRICT COURT**